**Curtis P. Zaun**
*Attorney at Law*
(612) 200-5992 (o)
(651) 216-3308 (c)
800 LaSalle Ave., Suite 2150
Minneapolis, Minnesota 55402
curtis@cpzlaw.com
(612) 367-8107 (f)

December 10, 2012

The Honorable John R Tunheim
United States District Court
U.S. Courthouse, Suite 13E
300 South Fourth Street
Minneapolis, MN 55415

Re: *Brown v. Wells Fargo*, Case No. 11-CV-1362 (JRT/JJG)-Request for Permission to File Second Motion for Class Certification

Dear Judge Tunheim;

As requested by the Court, Plaintiff Anthony Brown submits this letter to request permission to file a second motion for class certification. Brown originally planned to file this motion during the time allowed for in the scheduling order before Brown's counsel discovered that the case had been mistakenly closed.

This case is about whether Wells Fargo violated the Electronic Funds Transfer Act ("EFTA") by charging fees to consumers for using its ATM without posting a fee warning in a "prominent and conspicuous" location on the ATM as required by the EFTA. In its order of July 25, 2012, the Court found that Wells Fargo violated the EFTA because the notice posted by Wells Fargo "was not prominent and conspicuous as a matter of law." Memorandum Opinion and Order, Docket #63, p. 13 (July 25, 2012). As such, the fee charged to Brown and every other consumer who used that ATM was illegal as a matter of law. The Court, however, denied Brown's motion for class certification.

The Court's denial of class certification was based on Brown's inability to "precisely define a class (because he has not described a way to clearly identify and

contact the class) or to demonstrate that he is a representative member of the class." Order, p. 19. In his second motion for class certification Brown intends to limit his class to just the Seventh Street ATM and limit his claim to statutory damages so that he is a representative member of the class. Everyone who used the Seventh Street ATM used it in the exact manner as Brown did, which makes his claim the exact same as every member of the class. *See Kinder v. Dearborn Federal Savings Bank*, 2011 WL 6371184, *3 ("The claims and defenses of the representative parties are typical-indeed, identical-of the claims and defenses of the class."); *Flores v. Diamond Bank*, 2008 WL 4861511 at *3 (N.D. Ill. 2008)("Individual questions are largely non-existent at the liability stage").

**Identifying the Class**

In its Order the Court noted that Brown failed to explain how the class was "objectively ascertainable" by either actual notice or notice by publication. Order, p. 17. In his first motion for class certification, Brown defined the class as:

> All non-Wells Fargo customers who used a Wells Fargo ATM of the same design as the one located at 7th Street and the Gov't Center with the ATM fee warning in the same location who were charged a transaction fee from May 26, 2010, to May 26, 2011.

This definition included not only the Seventh Street ATM, but also other ATMs that were of the "same design" with "the ATM fee warning in the same location." Although the Court recognized that "Wells Fargo could identify the cardholders who used the Seventh Street ATM" it was concerned because "Brown does not explain how Wells Fargo should identify the cardholders who used ATMs of the 'same design' with 'the

ATM fee warning in the same location." Order, p. 18. Thus, if Brown limits the class to just the Seventh Street ATM all the class members can be identified. In fact, Wells Fargo has already produced the transaction logs that provide the account number of every consumer who used that ATM during the relevant time period. With those account numbers, Plaintiff can identify each bank that holds the account and subpoena them to produce the name and address of the account holder.

The American National Standards Institute issues Issuer Identification Number ("IIN") to all card issuing institutions. *See* Am. Nat'l Stand. Inst., http://www.ansi.org/other_services/registration_programs/iin_registration.aspx?menuid=10 (visited November 26, 2012). The first 6 digits of every account number identify the card issuer. *Id*. "[O]nly one IIN will be assigned to each card issuer." *Id*. The American Bankers Association "produces the official record of IIN assignments and can be obtained by contacting Gay Griffin at (202) 663-5312 or ggriffin@aba.com. *Id*. Once the card issuer is identified from the account number that has already been provided, it can be subpoenaed to provide the name and address of the cardholder or provide the notice itself. This approach has been recognized by several courts. *See Flores*, 2008 WL 4861511 at *4 (potential class

members could be identified through their account numbers); *Burns v. First Am Bank*, 2006 WL 3754820, *11 (N.D. Ill. 2006) (same).

The Court also found notice by publication difficult because of this definition and the fact that the ATM at Seventh Street had been replaced by a new ATM that does not have the fee warning in the same location. The problems with notice by publication are resolved in their entirety by re-defining the class and limiting it to those consumers who used the Seventh Street ATM. The Court has already determined that the location of the fee warning for the previous ATM was not prominent and conspicuous as a matter of law. Thus, where it is now should not matter. The only thing that should matter is whether the consumer used the ATM at that location during the relevant time period. If notice by publication was used instead of actual notice, any class action notice posted at the location of the Seventh Street ATM would simply have to say, "If you used the ATM at THIS LOCATION between May 26, 2010, and May 26, 2011, the fee charged to you was illegal and you are entitled to damages. Contact X to file a claim."[1] When the consumer submitted his or her claim with his or her account number Brown's counsel could review the transaction logs to determine whether that account was used during the relevant period. Because the class

[1] The ATM could also be programmed to display a notice on the screen.

would be limited to just the Seventh Street ATM consumers would not have to determine if they used an ATM of the "same design."

**Rule 23 Requirements**

The Court found that Plaintiff was not "a typical or adequate class representative because Brown does not limit his prospective class to only those ATM users eligible for statutory damages." Order, p. 20. This was also the basis to find that "common questions of law and fact do not predominate." *Id*., p. 23. In his second motion for class certification, Brown would limit his motion to statutory damages. This would resolve both of the Court's concerns regarding the requirements of Rule 23. As noted above, Brown is in exactly the same situation as every other consumer who used the ATM. As such, his claims would be typical of the class, he would be an adequate representative and questions of law and fact would predominate.

The Court has already determined that the ATM fee charged by Wells Fargo in this case is illegal. Wells Fargo had thousands of other ATMS with the fee warning in the same location. Which means that Wells Fargo has received thousands, if not millions, of dollars to which they were not legally entitled. Although the Court has determined those illegal fees cannot be recovered, it would be a grave injustice if the consumers that can be identified at the Seventh Street ATM would also be denied what Congress intended them to have and another bank got away with breaking the law at the expense of consumers.

Sincerely,

*s/ Curtis P. Zaun*