UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY BROWN, *on behalf of himself and all others similarly situated*, | Civil No. 11-1362 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A., | |
| Defendants. | |

Curtis P. Zaun, Attorney at Law, 800 LaSalle Avenue, Suite 2150, Minneapolis, MN 55402, for plaintiff.

Shari L. J. Aberle, Erin A. Collins, James K. Langdon, and Kenneth J. Connelly, **DORSEY & WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendants.

Plaintiff Anthony Brown brought this putative class action against defendants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") alleging that Wells Fargo violated the Electronic Fund Transfers Act, 15 U.S.C. §§ 1693a *et seq.* ("EFTA"). On July 25, 2012, the Court issued an order that, among other holdings, found as a matter of law that Wells Fargo Bank, N.A. failed to provide "prominent and conspicuous [fee] notice" on its ATMs, and it therefore granted summary judgment to Brown on his claim that Wells Fargo Bank, N.A violated the EFTA. The Court further found, however, that Brown had not defined a certifiable class that met the requirements of Fed. R. Civ. P. 23, and it denied Brown's motion for class certification. Brown has now requested permission to file a second motion for class certification. The Court will grant Brown's request.

Although the Court granted summary judgment in Brown's favor on the EFTA claim, there is currently no final judgment in this case because the issue of damages is yet to be determined. The Court may alter an order denying class certification before entering final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

Here, Brown seeks to narrow his request for class certification based on the problems with the class identified in the Court's July 25 order. At this time, the Court will not decide if Brown's attempt to certify the class is likely to be successful.[1] Nonetheless, because final judgment has not been entered and because Brown seeks to address deficiencies noted in the Court's July 25 order, the Court will grant Brown's request to file a new motion for class certification.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Brown's request to file a new motion for class certification [Docket No. 69] is **GRANTED**. The motion shall be filed within thirty (30) days of the date of this Order.

DATED:  February 7, 2013         s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                      United States District Judge

---

[1] The Court is skeptical about the ability to identify putative class members who are not Wells Fargo custome   February 7, 2013s. (*See* Wells Fargo Letter at 3-4, Dec. 17, 2012, Docket No. 70.)