# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: 11-CV-01362

| | |
|---|---|
| Anthony Brown, on behalf of himself and all others in similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>Wells Fargo & Company, and, Wells Fargo Bank, National Association,<br><br>                    Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS SECOND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL UNDER FED. R. CIV. P. 23** |

## INTRODUCTION

This case is about Wells Fargo's violations of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693-1693r ("EFTA"). The EFTA prohibits an ATM operator from charging anyone an ATM fee unless the ATM operator posts a fee warning in a "prominent and conspicuous location on the ATM."  In its Order of July 25, 2012, this Court found that Wells Fargo violated the EFTA because the fee warning posted by it "was not prominent and conspicuous as a matter of law."[1]  As such, the fee charged to Brown and every other consumer who used the Wells Fargo ATM located at 296 Seventh

---

[1]Memorandum Opinion and Order, ECF No. 63, p. 13 (July 25, 2012).

1

Street East, St. Paul, Minnesota 55101[2] ("Seventh Street ATM") was illegal as a matter of law.  The only issue that remains is whether this case should be certified as a class.

This case is a classic consumer class action.  Thousands of consumers were identically affected by Wells Fargo's matter-of-law violation of the plain language of a strict liability consumer protection statute.  The interests of justice strongly recommend class certification in such an instance; it is the most efficient method for holding Wells Fargo accountable for its illegal conduct. Denying class certification risks leaving these thousands of consumers without a meaningful opportunity to pursue their federally guaranteed rights.

The Court denied Brown's first motion for class certification due to deficiencies in the original proposed class definition[3]  In this second motion for class certification, Brown presents a more precise class definition which cures the deficiencies identified by the Court in its July 25, 2012 Order. Specifically, the new class definition limits the class to those consumers who used the Seventh Street ATM during the one year period of May 21, 2010 until May 21, 2011. This definition restricts the class to consumers who were identically harmed, who can be identified, and who can be notified of their rights.

Brown brings this class action on behalf of himself and all other consumers who were illegally charged an additional surcharge for using the Seventh Street ATM.  Brown's claim is exactly the same as all other non-customer consumers

---

[2] This ATM was located at 296 7th Street East, St. Paul, Minnesota 55101.
[3] Order, p. 19.

who used the Seventh Street ATM. All of them paid this fee even though the ATM

fee warning was not in a prominent and conspicuous location on or at the Seventh

Street ATM.   Because no individual issues exist that would preclude classwide

disposition of this case, Brown seeks to certify the following class:

> All non-Wells Fargo customers who used the Wells Fargo ATM
> located at 296 Seventh Street, St. Paul, MN 55101 between May 21,
> 2010, and May 21, 2011.

## LEGAL DISCUSSION

"The policy at the very core of the class action mechanism is to overcome

the problem that small recoveries do not provide the incentive for any individual to

bring a solo action prosecuting his or her rights. A class action solves this problem

by aggregating the relatively paltry potential recoveries into something worth

someone's (usually an attorney's) labor."[4]   The plain language of EFTA

demonstrates that class actions are not only possible, but were specifically

expected by Congress.[5]

---

[4] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617, 117 S. Ct. 2231, 2246,
138 L. Ed. 2d 689 (1997) (quoting *Mace v. Van Ru Credit Corp*, 109 F.3d 338, 344
(7th Cir. 1997); *see Vernon J. Rockler & Co. v. Graphic Enter., Inc.,* 52 F.R.D. 335,
347 (D. Minn. 1971) ("[T]he general view of courts and commentators is that the
class action device is a necessary vehicle for the vindication of small claims.").
[5] *See* 15 U.S.C. § 1693m.

3

The purpose of EFTA is to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.[6] "The primary objective of [the EFTA], however, is the provision of individual consumer rights."[7] The EFTA is a strict liability statute, and makes no mention of any requisite scienter.[8] Because the EFTA is remedial statute designed to protect consumers, it must be read to effectuate this purpose. The only way to protect all of the consumers who have been illegally charged a fee at the Seventh Street ATM is to certify the class in this case.

Under the Federal Rules of Civil Procedure, a party seeking class certification must satisfy each of four prerequisites under Rule 23(a) and one of three requirements under Rule 23(b). Rule 23 states:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> **(1)** the class is so numerous that joinder of all members is impracticable;
>
> **(2)** there are questions of law or fact common to the class;
>
> **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[6] *See 15 U.S.C. § 1693(b).*
[7] *Id.*
[8] *Burns v. First Am. Bank*, 2006 WL 3754820 (N.D. Ill. 2006) (*citing Bisbey v. D.C. National Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986)).

4

**(4)** the representative parties will fairly and adequately protect the interests of the class.

**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

**(1)** prosecuting separate actions by or against individual class members would create a risk of:

**(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

**(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

**(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

5

**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

**(D)** the likely difficulties in managing a class action.

"[A] court's inquiry on a motion for class certification is 'tentative,' 'preliminary,' and 'limited.'"[9] "When considering a motion for class certification, a court need not ask 'whether the plaintiff . . .[has] stated a cause of action or will ultimately prevail on the merits, but rather whether the requirements of Rule 23 are met.'"[10]

Rule 23 should be construed liberally rather than restrictively to best serve the ends of justice and to promote judicial economy.[11] The theory behind the liberal construction of Rule 23 is that the determination of the propriety of a class is always subject to modification, should later developments during the course of

---

[9] *In re Zurn Pex Plumbing Products Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978), and *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)), *reh'g en banc denied*, No. 10-cv-2267 (8th Cir. Sept. 16, 2011)).
[10] *Luiken v. Domino's Pizza, LLC*, 2011 WL 5599387, *2 (D. Minn. Nov. 14, 2011) (citing *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 613 (D.Minn.2000) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L.Ed.2d 732 (1974)).
[11] *See, e.g., In re Control Data Corp. Sec. Litig.*, 116 F.R.D. 216, 219 (D. Minn. 1986).

the litigation so require.[12]   "When a question arises as to whether certification is appropriate, the court should give the benefit of the doubt to approving the class."[13]

As demonstrated below, Brown meets all requirements necessary to certify this case as a class action. Congress recognized the importance of class actions in protecting consumers under this statute by expressly authorizing class action remedies under EFTA. A class should be certified here.[14]

## I. The Prerequisites of Rule 23(a) are Satisfied

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."[15]   The standard of impracticability does not mean impossibility, but only that it would be difficult or inconvenient to join all members of the class.[16] The number of persons is but one of several considerations relevant to the impracticability analysis.  In addition to the size of the class, the

---

[12] *Esplin v Hirschi,* 402 F.2d 94, 99 (10th Cir. 1968); *Fed. R. Civ. P. 23(c)(1).*

[13] *Luiken*, 2011 WL 5599387 at *2 (citing *In re Workers' Comp.,* 130 F.R.D. 99, 103 (D. Minn. 1990) (citation omitted)).

[14] *15 U.S.C. § 1693m*; *see also Cobb v. Monarch Finance Corp*., 913 F. Supp. 1164, 1172 (N.D. Ill.1995) (certifying EFTA class); *Burns*, 2006 U.S. Dist. LEXIS at *2 (same).

[15] *In re Federal Skywalk Cases,* 680 F.2d 1175, 1178 (8th Cir. 1982).

[16] *Thinesen v. JBC Legal Group,* 2005 WL 2346991 *7 (D. Minn. 2005), *citing Jenson v. Cont'l Fin. Corp.,* 404 F. Supp. 806, 809 (D. Minn.1975); *Cypress v. Newport News Gen. and Nonsectarian Hosp. Ass'n,* 375 F.2d. 648, 653 (4th Cir. 1967) (en banc).

Court may also consider the 1) nature of the action; 2) the size of the individual claims; 3) the inconvenience of trying individual suits; and 4) any other factor relevant to the practicability of joining all the putative class members.[17]

Courts generally have not established a minimum number required to satisfy the numerosity requirement.[18] "[T]he difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."[19]

In the present action, there are thousands of potential class members. Although the precise number cannot be established, 8,829 unique account numbers were used at the ATM during the relevant time period.[20] Although some potential class members may have used more than one ATM card, even if every class member used two different cards, there would still be over 4,000 potential class members.  Thus, Brown has established numerosity exists and that joinder of all

---

[17] *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982) (citation omitted).

[18] *See Sonmore v. Checkrite Recovery Services, Inc.*, 206 F.R.D. 257, 261 (D. Minn. 2001) (citing *Paxton*, 688 F2d at 559; *Boyd v. Ozark Air Lines, Inc.,* 568 F.2d 50, 688 F.2d 55254 (8th Cir. 1977)).

[19] *Carpe v. Aquila, Inc.,* 224 F.R.D. 454, 457 (W.D. Mo. 2004) (citation omitted); *see also Lockwood Motors, Inc. v. Gen. Motors Corp.*, 162 F.R.D 569, 574 (D. Minn. 1995) (stating that, "[i]n general, a putative class exceeding 40 members is sufficiently large to make joinder impracticable").

[20] *See* Affidavit of Anya Verkhovskaya, ¶ 29.

potential class members would be impracticable and meets the requirements of Rule 23(a)(1).

## B. Commonality

In motions for class action certification generally, the commonality requirement is easily satisfied and imposes only a "light burden" on the plaintiff.[21] "Even when individual members of the class are not identically situated, if the legal question they share in common is related to the determination of the litigation, the commonality requirement is met."[22] "When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment."[23] "Not every question of law or fact need be common to the class to satisfy the requirements of 23(a)(2)."[24] "Rather, Rule 23(a)(2) is easily met in most cases because it 'requires only that the course of conduct giving rise to a cause of action affects all class members, and that at least one of the elements of that cause of action is shared by all class members.'"[25] In a class action brought under Fed. R. Civ. P. 23(b)(3), the commonality

---

[21] *In re Hartford Sales Practices Litig.*, 192 F.R.D. 592, 603 (D. Minn.1999).
[22] *Id.*
[23] *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977), *cert. denied*, 434 U.S. 856 (1977).
[24] *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 575 (D. Minn. 1995).
[25] *Egge v. Healthspan Services Co.,* 208 F.R.D. 265, 268 (D. Minn. 2002) (citing *Lockwood Motors*, 208 F.R.D. at 268).

requirement of Rule 23(a)(2) is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that common questions "predominate over" other questions.[26]

In this case, Brown alleges that Wells Fargo violated the EFTA by charging an ATM fee to non-Wells Fargo consumers who used the Seventh Street ATM despite failing to post a prominent and conspicuous notice describing the fee charge.   The common question of fact for the entire class is whether Wells Fargo's ATM fee warning was posted in a "prominent and conspicuous" location. The Court has already determined, as a matter of law, that Wells Fargo did not post a notice in a "prominent and conspicuous" location.[27]. The proposed class seeks only statutory damages. Consequently,  there is a common nucleus of operative facts as to all the class members' ATM transactions, and these facts provide for a finding of liability under EFTA that identically affects all class members. Plaintiff satisfies the commonality requirement of Rule 23(a)(2).[28]

---

[26] *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 609 (1997).

[27] *See* Order, 19

[28] *Kinder v. Dearborn Fed. Sav. Bank,* 2011 WL 6371184,  at *3 (E.D. Mich. Dec. 20, 2011) ("There are questions of law or fact common to the class: the only issue is whether Defendant violated the EFTA by failing to post a fee notice on its ATM machines during the time period in question."); *Flores v. Diamond Bank*,  2008 WL 4861511, *2 (N.D. Ill. 2008) ("Common questions of fact, whether the Bank posted notice on ATM 049E4 and whether the Bank charged prospective class members a $2.00 fee, permeate the claims of prospective class members."); *Burns*,

### C.    Typicality

In general, typicality will be satisfied where "the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory."[29]  Typicality is "fairly easily met so long as other class members have claims similar to the named plaintiff."[30]  "Typicality and commonality are closely related, and typicality is generally found where the commonality requirement has been met."[31] Factual variations in the individual claims will not normally preclude certification if the claim arises from the same course of conduct as the class claims.[32]

Here, Brown's claims cannot be factually distinguished from the claims of the other class members; all the class members were identically affected by the matter-of-law failure of Wells Fargo to comply with 15 U.S.C. § 1693b(d)(3) and

---

2006 WL 3754820 at *7 (finding that "[t]he proposed class is based on a common nucleus of operative facts - that is, Defendant charged each class member $2.50 for using ATMs S1A5260 and S1A5261 during the Class Period.  Class members also share a common interest in the question of whether Defendant's fee notices violated EFTA.  Because class members share common questions of law and fact, the commonality prong of Rule 23(a) is met.").

[29] *Jones*, 215 F.R.D. at 568 (citing *Paxton,* 688 F.2d at 561-62).

[30] *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1540 (8th Cir. 1996); *see DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995).

[31] *Jones,* 215 F.R.D. at 568.

[32] *Alpern,* 84 F.3d at 1540; *accord Paxton*, 688 F.2d at 561-61.

12 C.F.R. § 205.16(c)(1).    Accordingly, Plaintiff has met the typicality
requirement of Rule 23(a)(3).[33]

### D.    Adequacy

Whether the representative will fairly and adequately protect the interests of
the class depends on "whether: 1) the class representatives have common interests
with the members of the class, and 2) whether the class representatives will
vigorously prosecute the interests of the class through qualified counsel."[34]

A class representative will generally be found to have a common interest
with the members of the class when the representative has "an economic stake in
the outcome of [the] litigation."[35]  An economic stake exists even when the named
plaintiff stands to recover only statutory and not actual damages, "as long as the
class members' injuries arose out of the same violative conduct."[36]  Any argument

---

[33] *Kinder,* 2011 WL 6371184, *3 ("The claims and defenses of the representative
parties are typical—indeed, identical—of the claims and defenses of the class.");
*Flores*,  2008 WL 4861511, *2 ("Flores's claim-that she was charged a $2.00 fee
despite the Bank's failure to comply with the EFTA's notice requirements-arises
from the same event or practice or course of conduct that gives rise to the claims of
other class members and her claims are based on the same legal theory of other
class members.").

[34] *Paxton,* 688 F.2d at 562-63 (citation omitted).

[35] *Egge v Healthspan Servs. Co*., 208 F.R.D. 265, 269 (D. Minn. 2002) (citation
omitted).

[36] *Id.* at 270, (citing *Keele v Wexler,* 149 F.3d 589, 594 (7th Cir. 1998); *Bartlett v.
Heible*, 128 F.3d 497, 499 (7th Cir. 1997)).

against class certification arising from the hypothetical or theoretical conflicts should be rejected.[37]

First, no conflict or antagonism exists between Brown and the class members given the identical nature of their claims and injury. Brown has a clear interest in the successful outcome of the lawsuit because he seeks to recover damages for himself and the proposed class, and expects to participate in the litigation.[38] Second, Brown has hired attorneys who are active practitioners in consumer rights cases with experience, diligence, and commitment to this litigation and to protecting the interests of the class.[39] Therefore, Brown and his counsel meet the adequacy requirements of Rule 23(a)(4).

## II.      Rule 23(b)(3)-Predominance and Superiority

In addition to the requirements of Rule 23(a), a plaintiff must also meet the requirements of one of the types of classes under Rule 23(b). This case is brought under Rule 23(b)(3), which requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only

---

[37] *Serfaty v. International Automated Systems*, 180 F.R.D. 418, 421 (D. Utah 1998) (citing Robertson v Nat'l Basketball Assoc., 389 F.Supp. 867, 899 (S.D. N.Y. 1975) (class action status will not be denied in the absence of a showing that the alleged potential conflicts are real possibilities and not mere imaginative speculation).
[38] *See Affidavit of Anthony Brown,¶¶ 4 & 7.*
[39] *See Affidavit of Mark Vavreck, ¶¶ X-X; Curtis P. Zaun, ¶¶ 3, 4, 7-9.*

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3) is met because this case is dealing with a common nucleus of operative facts and adjudicating this case as a class would be superior to trying thousands of identical individual cases.

### A. Common Questions of Law or Fact Predominate

The predominance requirement of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[40] Class questions predominate if there is generalized evidence that will prove or disprove an element of the claim on a simultaneous, class-wide basis.[41]  A common question of law or fact predominates when there is a common factual link between all the class members and the defendant for which the law provides a remedy.[42] "This requirement is generally satisfied when there is a 'common nucleus of operative fact' among all class members."[43] "The commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely

---

[40] *Amchem Products, Inc.*, 521 U.S. at 623.

[41] *Harford*, 192 F.R.D. at 604; *Potash Antitrust Litig.,* 159 F.R.D. 682, 693 (D. Minn. 1995); *see Egge*, 208 F.R.D. at 270 (suggesting that the existence of a systematic business practice militates for a finding of predominance).

[42] *See Daley v. Provena Hospitals*, 193 F.R.D. 526, 529 (N.D.Ill.2000).

[43] *Villareal*, 1996 WL 28254, at *5 (citing *Halverson v. Convenient Food Mart,* 69 F.R.D. 331, 335 (N.D. Ill. 1974)).

related and a finding of one will generally satisfy the other."[44] "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws."[45] "Class certification is generally a superior method for adjudicating a claim where there is standardized conduct, even when there might be individualized damages questions."[46]

The Court has already determined that the location of the ATM fee warning was not "prominent and conspicuous as a matter of law."  Therefore, there are no remaining fact questions among the class.  Brown and the class members used the same ATM and were all illegally charged a fee.  Any claims or defenses raised by Wells Fargo will be exactly the same for Brown and all the other class members. As such, this case deals with exactly the type of standardized conduct that a class action is meant for.[47]

---

[44] *Clark v. Retrieval Masters Creditors Bureau, Inc*, 185 F.R.D. 247, 250 (citing *Villareal v. Snow*, 1996 WL 28254, at *5 (N.D. Ill. 1996)).

[45] *Amchem Products, Inc.*, 521 U.S. at 625.

[46] *Flores*, 2008 WL 4861511, at *3 (citing *Beringer v Standard Parking Corp.*, 2008 WL 4390626, at *4 (N.D. Ill. 2008); *see Cicilline v. Jewel Food Stores, Inc.,* 542 F.Supp.2d 831, 838 (N.D. Ill. 2008) (stating that "[c]lass certification is usually considered a superior method of adjudicating claims involving standardized conduct, even if there are individual issues that exist among class members (for example, on questions such as damages)....")

[47]*Flores*,  2008 WL 4861511, *3 (certifying EFTA class because "the prospective plaintiff class complains of standardized conduct-that Diamond Bank failed to post notice in compliance with § 1693b on its ATM."); *see Kinder,* 2011 WL 6371184, at *3 ("It is clear that questions of law or fact common to the members of the class

## B. A Class Action is Superior to Other Available Methods to Adjudicate this Controversy

"A class action is a superior form of litigation to address 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'"[48]  Factors considered when assessing superiority include: (a) the interest of individuals in controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by class members; (c) the desirability of concentrating the litigation in the particular forum; and, (d) the difficulty likely to be encountered in the management of the class action.[49]

Here, a class action is the superior and most efficient means of holding Wells Fargo responsible for charging a transaction fee in violation of federal lawbecause this conduct is universal to all class members.  Every class member used the exact same ATM in the exact same manner as Brown.  As the court stated in *Burns*, "adjudicating the class claims here will take no more effort than it would to

---

predominate, as there do not appear to be any questions affecting individual class members."); *Burns*, 2006 WL 3754820 at *9 (certifying EFTA class because "questions common to the class predominate over any questions affecting only individual class members.").

[48] *Jancik v. Cavalry Portfolio Services, LLC*,  2007 WL 1994026, at *9 (D. Minn. 2007) (quoting *Amchem Prods.,* 521 U.S. at 617).

[49] *Id*. (citing F.R.C.P. 23(b)(3).

adjudicate the claims of Plaintiffs alone."[50]   Additionally, "the truth is that the putative plaintiffs in this case are not likely to know their rights and are therefore not likely to pursue these claims on their own."[51] Further, there are no concerns about concentrating the litigation in this forum because the class is limited to the Seventh Street ATM, which is located in this forum.  As such, most, if not all, of the class members will be from Minnesota.

Finally, there are no likely difficulties in managing this case as a class action because the proof necessary is identical for all class members.  In fact, Brown already has the proof, the list of account numbers, necessary to establish every class member's claim.  Further, Brown has retained the services of a company, A.B. Data, that can identify the financial institution of all of the class members and provide notice to all of them through various means.[52]  Notice can be provided by either direct mailing using the names and addresses obtained from the class member's financial institution, reverse interchange, notice on the new ATM at the

---

[50] *Burns*, 2006 WL 3754820, at *12.

[51] *Jancik*,  2007 WL 1994026, at *11; *see* Defendants' Memorandum in Support of Wells Fargo & Company's and Wells Fargo Bank's Motion for Summary Judgment, Docket Entry # 22, p. 9 ("Indeed, despite the thousands of ATMs of this type of design, all of which bear on-machine Fee Notice stickers in the same or similar location, Wells Fargo Bank was unable to locate even one other EFTA case seeking to impose liability on grounds that an on-machine Fee Notice was not sufficiently 'prominent and conspicuous.'").

[52] *See* Affidavit of Anya Verkovskaya, ¶¶ 26-28, 31, 32.

Seventh Street location, public notice, and/or a website.[53]   Based on the A.B.

Data's experience, the class members can be "identified, located, and notified in a

reasonable, practicable, and cost-efficient manner."[54]

## CONCLUSION

For all of the above-stated reasons, Plaintiff Anthony Brown respectfully

requests that his Motion for Class Certification be granted and his counsel be

appointed as class counsel.

---

[53] *See id.* at ¶¶ 32-41.
[54] *Id.* at ¶ 42.

Respectfully submitted,

**MARTINEAU, GONKO & VAVRECK, PLLC**

May 10, 2013.

By: Mark L. Vavreck, Esq.
Attorney I.D. #318619
Attorney for Plaintiffs
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: 612-659-9500
Facsimile: 612-659-9220
mvavreck@mgvlawfirm.com

By: s/ Curtis P. Zaun
Curtis P. Zaun (0266310)
800 LaSalle Ave, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 200-5992
Facsimile: (888) 614-3689
curtis@cpzlaw.com

**ATTORNEYS FOR PLAINTIFF**