

SHARI L. J. ABERLE
Partner
(612) 343-8267
DIRECT FAX (888) 214-4821
aberle.shari@dorsey.com

June 3, 2013

**VIA CM/ECF**

The Honorable John R. Tunheim
U.S. District Judge
United States District Court, District of Minnesota
13E U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

    Re:    **Anthony Brown v. Wells Fargo & Co. and Wells Fargo Bank, N.A.**
            **Civil File No. 11-CV-1362 (JRT/JJG)**

Dear Judge Tunheim:

    I write, pursuant to District of Minnesota Local Rule 7.1(j), to request the Court's permission to file a motion to reconsider the Court's July 25, 2012 Memorandum Opinion and Order, ECF No. 63, granting Plaintiff summary judgment on his claim that Wells Fargo violated the Electronic Funds Transfer Act ("EFTA").

    Wells Fargo is filing its Response in Opposition to Plaintiff's Second Motion for Class Certification ("Opposition") contemporaneously with this letter. As set forth in detail in the Opposition, on December 20, 2012, the President signed into a law a bill repealing the EFTA cause of action that is Plaintiff's sole claim in this case. Because of that repeal, Plaintiff no longer has any viable cause of action, and final judgment cannot be entered in his favor under the governing law as it now stands.

    It is well established that "a court is to apply the law in effect at the time it renders its decision." *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 712 (1974); *see also FDIC v. Kasal*, 913 F.2d 487, 493 (8th Cir. 1990). Thus, a district court must apply the law as it stands at the time of final judgment. This is so even if the controlling law has changed during the pendency of the litigation, for under Rule 54(b) (and the court's inherent power), any "decision 'which adjudicates fewer than all the claims is subject to revision at any time before the entry of final judgment.'" *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting Fed. R. Civ. P. 54(b)) (omission and

DORSEY & WHITNEY LLP · WWW.DORSEY.COM · T 612.340.2600 · F 612.340.2868
SUITE 1500 · 50 SOUTH SIXTH STREET · MINNEAPOLIS, MINNESOTA 55402-1498

USA  CANADA  EUROPE  ASIA



The Honorable John R. Tunheim
June 3, 2013
Page 2

alteration omitted).[1]

      Based on these principles, it is appropriate for a district court to withdraw or amend an interlocutory summary judgment order when an intervening change in law abrogates the grounds for that order.  For example, in *Rattray v. Woodbury County*, Nos. C 07-4014-MWB, C 08-4008-MWB, C 08-4032-MWB, 2012 WL 6114994 (N.D. Iowa Dec. 10, 2012), the district court granted summary judgment establishing the defendant's liability, and the issue of damages was tried to a jury.  *See id.* at *3.  After the district court granted the defendant's motion for a new trial, the Supreme Court issued a decision that changed the law governing liability.  The district court concluded this "intervening change in controlling law [was] sufficient to reconsider and set aside [its] interlocutory order granting summary judgment."  *Id.* at *7.  It withdrew the prior grant of summary judgment in favor of the plaintiff and granted partial summary judgment in favor of the defendant, in accordance with the new rule of law.  *See id.* at 24; *see also In Defense of Animals v. Nat'l Institutes of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (noting that a district court may grant a motion to reconsider under Rule 54(b) where "a controlling or significant change in the law has occurred").

      Plaintiff no longer has any viable claim, and it would be unjust to enter final judgment in Plaintiff's favor on the basis of a cause of action Congress unanimously repealed as frivolous.  It is well within the Court's power and discretion to reconsider its July 25, 2012 Order.  For the reasons set forth above and in its Opposition to Plaintiff's Second Motion for Class Certification, Wells Fargo respectfully requests that the Court grant its request to move for reconsideration of the Court's summary judgment order.

      Respectfully submitted,

      **s/ Shari L. J. Aberle**

      Shari L. J. Aberle

Enclosure
cc:    Curtis P. Zaun, Esq. (via CM/ECF)
       Mark L. Vavreck, Esq. (via CM/ECF)

---

[1]    Indeed, the Eighth Circuit has even recognized that a "change in governing law can represent so significant an alteration in circumstances as to justify both prospective and retrospective relief from the obligations of a [*final*] court order" under Rule 60(b).  *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1154 (8th Cir. 2013).